CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 0 8 2010

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ANTHONY ANTHA SMITH, *Plaintiff,* | CASE NO. 6:10-cv-00022 |
| v. | MEMORANDUM OPINION |
| CHARLES A. MCCLURE, *Defendant.* | JUDGE NORMAN K. MOON |

Plaintiff Anthony Antha Smith (hereinafter "Smith") filed the instant Complaint on January 8, 2010, in the United States District Court for the Western District of Kentucky. On May 3, 2010, this cause was subsequently transferred to this Court to lay proper venue pursuant to 28 U.S.C. § 1406(a). For the following reasons, the Court will dismiss the Complaint, *with prejudice*, in an accompanying Order, to follow.

I. BACKGROUND

Smith is an inmate currently incarcerated in the Kentucky State Reformatory in LaGrange, Kentucky, and has filed this action *pro se* and *in forma pauperis*, alleging patent infringement against Defendant Charles A. McClure (hereinafter "McClure"). Smith alleges that he invented a device known as the "The Portable Liquid Sanitation Cart," which is described as a "multipurpose device for safe collection of biohazard wastes in hospital and/or other medical environments where collection of biohazard waste needs to be collected in a safe manner." Smith employed the services of McClure, a patent attorney based in Lexington, Virginia, to assist him in obtaining a patent for this invention. Smith successfully obtained United States Patent No. 5,918,323 (hereinafter "the '323

Patent") covering this device. At some time after the issuance of the '323 Patent, McClure suffered a stroke and became temporarily incapacitated. During this period, it is alleged that McClure began to offer Smith's invention for sale as his own. Specifically, Smith alleges that McClure did so by offering the "Portable Liquid Sanitation Cart" for sale under the name "Hospital Liquid Sanitation Cart," and has been doing so since at least 2004 on a website operated by McClure known as "PatentStorm."

In September 2007, Smith wrote to McClure inquiring as to the circumstances underlying his alleged sale of the "Portable Liquid Sanitation Cart" on PatentStorm. Smith allegedly received a response from McClure that stated that "due to [Smith's] father's death the patent had expired, and that [McClure] had informed [Smith's] father in 2006 that it would do so." In March 2008, Smith again wrote to McClure concerning the alleged patent infringement, and also filed a complaint with the Virginia State Bar. In response, McClure wrote a letter denying infringement and asking that Smith cease and desist in his accusations. No action has been taken to date by the Virginia State Bar. The Kentucky State Reformatory issued a Cease and Desist Order, requiring Smith to refrain from having any future contact with McClure, and further, allegedly placing Smith in segregated confinement.

Smith initially brought suit against McClure for patent infringement in the Western District of Virginia in 2008. *See Smith v. McClure*, No. 7:08-cv-00414 (W.D. Va. filed July 9, 2008) (Conrad, J.) (hereinafter "First Western District Case"). In that case, the court granted Smith's motion for leave to proceed *in forma pauperis*, but dismissed the complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Smith v. McClure*, No. 7:08-cv-00414, 2008 WL 3850215 (W.D. Va. Aug. 14, 2008). The court found that Smith's allegations of patent infringement "hinge solely upon the claim that McClure has offered

Smith's invention for sale on the PatentStorm website," and that Smith's "claims for damages stem from profits McClure has allegedly received as a result of such sales." *Id.* at *2. After visiting the Patent Storm cite relied upon by Smith, the court found that there was no indication that PatentStorm was owned, in whole or in part, by McClure, nor any indication that products are sold on the website. *Id.* at *3. Accordingly, the court held that as Smith "would have to demonstrate that McClure, without authority, used, offered to sell, or sold Smith's patented invention within the United States," pursuant to 35 U.S.C. § 271(a), and as there was no indication in that McClure had so acted, the First Western District Case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at *3. Thereafter, Smith filed a motion for reconsideration of the dismissal order, which the court also denied, on September 25, 2008.

Approximately a year and a half later, the instant cause of action was filed in the United States District Court for the Western District of Kentucky. *See Smith v. McClure*, No. 3:10-cv-00017 (W.D. Ky. filed Jan. 8, 2010). This Court's review of the complaints filed in the First Western District Case and that filed in the Western District of Kentucky reveals that they are identical.[1] The district court in Kentucky granted Smith's application to proceed *in forma pauperis*, requiring him to pay the statutory filing fee under an installment plan. Later the district court ordered that this action be transferred to this Court pursuant to 28 U.S.C. § 1406(a) to lay proper venue, as the defendant McClure allegedly resides or does business in Lexington, Virginia, which is encompassed in the Lynchburg Division of the Western District of Virginia. *See* W.D. Va. Gen. R. 2(a)(6).

---

[1] The only identifiable difference is that there are certain handwritten notes in the margins of the typed complaint filed in the Western District of Kentucky. These are largely indecipherable and do not serve to distinguish Smith's initial claim for relief in the First Western District Case from that later brought in Kentucky (and this Court). Next to Paragraph 10 of the complaint, which states that McClure had informed Smith "that due to his father's death the patent had expired," and that McClure "had informed [Smith's] father in 2006 that it would do so," there is a handwritten "False." Directly below Paragraph 19 of the complaint is a handwritten note identifying an individual, "Eric Hermanse," as "stealing" and as "the man that was behind all this problem [sic]." Finally, next to a handwritten "Charles McClure" are the notations "[f]raud, malicious schemers" and "hush, hush, money?"

## II. APPLICABLE LAW

Pursuant to 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Regarding *in forma pauperis* proceedings, this Court is "charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). It "must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006); *see also Darocha v. Guilliams*, No. 7:09-cv-00183, 2009 WL 1382287, at *1 (W.D. Va. May 15, 2009) (same). Of particular importance to this case, "*in forma pauperis* proceedings, like . . . res judicata, implicate important judicial and public concerns" not usually present in civil litigation. *Eriline*, 440 F.3d at 656. The standard by which the Court determines whether to dismiss an action under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See e.g., Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

For a complaint to state a claim upon which relief can be granted that would survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that "state a claim to relief that is plausible on its face," facts that "have nudged their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). However, at this stage of the suit, the Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197 (2007), and it may not "resolve

contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

III. DISCUSSION

There are two separate grounds upon which the Court must dismiss this complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

First, res judicata or claim preclusion bars Smith, as the plaintiff, from suing on this claim. Claim preclusion prevents a party from bringing suit where such suit "has already been 'litigated to a final judgment by that party . . . and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008)). The underlying purpose of claim preclusion and the other preclusion doctrines is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 326 (4th Cir. 2007). Claim preclusion requires three elements to prevent a party from raising a claim: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley*, 556 F.3d at 210 (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).

It is not a close question whether claim preclusion operates to bar Smith from suing on this claim. Another court in the Western District of Virginia dismissed this suit for failure to state a claim upon which relief may be granted in 2008, *see Smith v. McClure*, No. 7:08-cv-00414, 2008 WL 3850215, at *3 (W.D. Va. Aug. 14, 2008), and subsequently denied Smith's motion for reconsideration, *see Smith v. McClure*, No. 7:08-cv-00414 (W.D. Va. Sept. 26, 2008) (Order). The

instant case, and the First Western District Case, were brought by Smith against McClure, and involved no additional parties. Finally, the complaint filed in this suit is identical to that in the First Western District Case, except that this complaint contains certain handwritten comments in the margins, as identified *supra* in footnote 1. If Smith did not agree with the court's holding in the First Western District Case that he had not adequately alleged patent infringement, the proper course of action would have been to take an appeal. He may not get the proverbial second bite at the apple by filing an identical suit a year and a half later and attempting to do so in another court. Accordingly, as this suit is identical to that which was dismissed in the First Western District Case, it must be dismissed on the doctrine of claim preclusion.

Second, this Court separately holds that Smith's complaint must be dismissed for the reasons set forth in the First Western District Case. Smith alleges that McClure has committed patent infringement by holding out or offering for sale the "Portable Liquid Sanitation Cart" under the name "Hospital Liquid Sanitation Cart" through McClure's business and website, PatentStorm. *See* Complaint, at ¶¶ 6-8, 15. As Smith has referenced and explicitly relied upon the website PatentStorm in support of his claim for relief, and attached screenshots from this website as exhibits to his complaint, the Court has independently visited this website and relies upon the information contained therein as providing grounds for dismissal. *See e.g., Smith v. McClure*, 2008 WL 3850215, at *3 (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)) (noting that in determining whether to dismiss a complaint, a court can consider a document relied upon in the complaint but not attached thereto, where its authenticity is unchallenged); *Rocker Mgmt., LLC v. Lernout & Hauspie Speech Prods. N.V.*, No. Civ.A. 00-5965, 2005 WL 3658006, at *12 n.6 (D.N.J. June 7, 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (considering, on a motion to dismiss, a website cited and relied upon in the amended complaint, on the grounds that it

was a document "integral to or explicitly relied upon" therein). There is no basis in the complaint or on the website to support Smith's allegation that the PatentStorm website is owned by, operated by, or in any way affiliated with, McClure. More importantly, there is no basis in the complaint or on the website to support Smith's allegation that McClure used, sold, or offered to sell Smith's invention. To succeed on his only claim for patent infringement, Smith would have to demonstrate that McClure, without authority, used, sold, or offered to sell Smith's invention. *See* 35 U.S.C. § 271(a). The inventions listed are not even offered for sale on this website. The "Contact Us" page of the website verifies this fact, providing as follows:

> **How can I purchase a patented item I saw on your website?**
>
> PatentStorm does not sell equipment or supplies and cannot supply any of the patented goods mentioned on our website, nor can we offer suggestions on how you might obtain any equipment or other supplies.
>
> **How can I contact someone I saw mentioned on your website?**
>
> PatentStorm does not deal directly with inventors, patent attorneys, patent examiners, or anyone else you may have seen mentioned on our website. We do not have any contact information for them; nor can we offer any advice on how you might contact them.

PatentStorm, Contact Us, http://www.patentstorm.us/contactus.html (last visited June 7, 2010).

Therefore, the Court holds that Smith's claim for patent infringement is barred by res judicata and claim preclusion, and furthermore, that Smith has not alleged facts that "state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Accordingly, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), *with prejudice*, in an accompanying Order, to follow. As the Court is dismissing this action prior to service of the complaint upon the defendant, the Court declines to order the collection of the filing fee.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to the Plaintiff. The Clerk of the Court is further directed to strike this action from the Court's docket.

Entered this __8th__ day of June, 2010.

                                                  NORMAN K. MOON
                                                  UNITED STATES DISTRICT JUDGE